UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wanda Scott, <br> a/k/a Wanda Renae Scott Thomas, <br><br>       Plaintiff, <br><br> vs. <br><br> State of South Carolina; Abbeville County; City of Abbeville; Abbeville County Sheriff's Department; Abbeville County Jail; Tommy Hite, private attorney; Marion Johnson; Don Morris; Charles Goodwin, Sheriff; Trish LNU, Jailer; David Beasley, former Governor; Kelly Lowe, prosecutor; Andrew Hodges; Frank Addy, Family Court prosecutor; John Schrier, police; Robin Rucker, Chief of Police; Eve Wilson, Abbeville County DSS; Abbeville Police Department; Anna Padgent, GAL program; State of Alabama, Governor's Office; FNU Rucker, Family Court Judge; Abbeville County Family Court; South Carolina Department of Judicial Administration; Eric McCoy, Governor's Extradition Office; John Doe, Governor's Extradition Office; CSX Railroad; Isolyser Co., of Norcross, GA; Karen Creech, Attorney; Covington Patrick Hagin Stein & Lewis, and Timothy Woolston, <br><br>       Defendants. | C/A No. 8:08-0932-GRA-WMC <br><br><br><br> **Report and Recommendation** |

  This is a civil action filed *pro se*.[1] Plaintiff is proceeding *in forma pauperis*.

  In the Complaint filed in this case, Plaintiff alleges that she is being held "under house arrest" on the conditions that were set for her bail on Abbeville County child endangerment charges that were filed against her in 1997. It appear that the Abbeville County criminal charges were filed against her following an attempted relocation by Plaintiff

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

2

and her children while a custody claim was pending in her divorce case in Abbeville County Family Court. According to Plaintiff, she was arrested and jailed in Alabama on undisclosed criminal charges, and was then extradited back to South Carolina on the child custody interference charges that were filed by the South Carolina Department of Social Services (DSS) on behalf of her now-ex-husband. Plaintiff claims that those criminal charges were never dismissed by the Abbeville County Solicitor's office and that they are still pending against her. In her Complaint, she attempts to recover damages and other relief from many of the persons and governmental entities that were involved in her arrest, incarceration, extradition, and prosecution in the Abbeville County criminal action or were involved in the Abbeville County Family Court custody case. She claims that Defendants violated her constitutional rights by their actions taken in connection with the Abbeville County Criminal and/or Family Court cases and caused her to suffer severe mental anguish and other personal injuries. She also claims that the rulings made against her in the Family Court Case should be reversed, and she also asserts that some of her rights were violated by the attorney who represented her and the Defendant (her former employer) in an employment discrimination claim that she filed in this Court in 1999. *See Thomas v. Isolyser Co.*, Civil Action No. 8:99-1196-GRA-GCK.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*,

64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[2] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because this Court has no subject matter jurisdiction over Plaintiff's claims.

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree,

---

[2] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

*American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff in her Complaint and service documents, Plaintiff and most Defendants are residents of South Carolina.[3] Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional

---

[3] Even though some Defendants appear to be corporate or business or governmental entities and not human beings, they are still "residents" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F.Supp. 667, 669 (D. S.C. 1964).

4

amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint involves claims of unconstitutional wrongdoing by numerous Defendants in connection with an allegedly pending criminal case in Abbeville County. The Complaint also involves claims that an Abbeville County Family Court case was wrongly decided and that the result of that case caused Plaintiff to suffer severe personal injuries. There are also claims against participants in an employment discrimination case that was voluntarily dismissed by this Court on stipulation of the parties in 2001. For the reasons which follow, none of these claims are cognizable in this Court.

All claims against any Defendant based on his, her, or its involvement in the Abbeville County Criminal case that is allegedly currently pending are barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See, e.g., Younger*, 401 U.S. at 44; *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n.8 (1873)[4] ; *Harkrader v. Wadley*, 172 U.S. 148, 169-70 (1898); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).

---

[4] Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See Green v. State*, 829 S.W.2d 222, 223 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas.").

In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 (4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts); *Craigo v. Hey*, 624 F. Supp. 414 (S.D.W. Va. 1985) (same). As indicated in the cases cited above, Plaintiff is not foreclosed from raising objections to the proceedings and claims of unconstitutionality in connection with the proceedings and having them ruled on by the state court judge in the allegedly on-going state criminal prosecution in Abbeville County. This Court cannot remove the authority to rule on such an objections from the judge who is actually in control on Plaintiff's state criminal case. Also, to grant the injunctive relief Plaintiff seeks: release from allegedly oppressive bail conditions and dismissal of the charges, this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger*, *Cinema Blue*, and *Bonner*.

Furthermore, if the criminal case concluded with a conviction or convictions against Plaintiff and if she has not been able to have such conviction or convictions overturned on appeal or post-conviction relief proceeding, then Plaintiff's claims of constitutional violations against any Defendant based on their involvement in her arrest, extradition, or prosecution are barred by the holding of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[5] the *Heck* Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87; *see also Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003)(*Heck* generally applies where search and seizure issues are raised);[6] *Woods v. Candela*,

---

[5]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement , prosecution, and extradition in connection with a state criminal case arguably fall within the coverage of § 1983.

[6]*See Booker v. Kelly* , 888 F. Supp. 869 (N.D. Ill. 1995); *Perkins v. Orr*, No. 9:04-835-08, 2004 WL 3217867, *3+ (D. S.C. July 1, 2004) (unpublished opinion).

47 F.3d 545 (2d Cir.1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995);  *Seaton v. Kato*, No. 94 C 5691, 1995 WL 88956 (N.D. Ill. Feb. 28, 1995).

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.  The limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction or convictions are set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned.  *See Wallace v. Kato*,  --- U.S. ----, 127 S.Ct. at 1097-98; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).  Assuming that the criminal case has ended, but that  Plaintiff has not been successful in having any conviction or convictions set aside, and because Plaintiff's allegations of wrongdoing by Defendants, if true, would necessarily invalidate her conviction or convictions, she cannot sue any of the Defendants because of their involvement in his prosecution and ultimate conviction. *See Johnson v. Freeburn*, 29 Fed.Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

To the extent that Plaintiff complains about the outcome and seeks a change in the result of the Abbeville County Family Court child custody case and seeks to sue various persons and entities involved in that case in order to obtain the change of outcome of the case, the Complaint is subject to summary dismissal. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.);[7] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). Because the *Rooker-Feldman* Doctrine is jurisdictional it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 2008 WL 2436157 (4th Cir. June 17, 2008)(reversing a *Rooker/Feldman* dismissal). That

---

[7] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997) . In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g.*, Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

9

is exactly what Plaintiff is attempting to do with her Complaint in this case to the extent that it references the child custody case and raises claims against the other participants in that case because of their participation in this case.[8]

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina state courts. The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff attempts to raise in this case. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The doctrine also applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood & Wire Prods. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986).

Plaintiff's submission of the Complaint in this case, claiming a right to damages for alleged federal constitutional violations by various court personnel, legal counsel, opposing parties, and law enforcement and other state agency personnel does not alter the fact that Plaintiff is, in reality, attempting to have this Court review the proceedings that took place before the Abbeville County Family Court. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review

---

[8] Many of the Defendants are judges and prosecutors who were involved in the criminal and/or family court cases. Plaintiff seeks damages and other relief against these persons because of their judicially related actions such a rulings made by the judges and charging documents filed by the prosecutors. Such claims are clearly barred by the doctrines of judicial immunity and prosecutorial immunity. *See, e.g.*, *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(prosecutors); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges); *Burns v. Reed*, 500 U.S. 478 (1991) (prosecutors); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)(judges); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(same).

state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). Plaintiff is clearly claiming that he has been injured by the state court decisions, *see Willner v. Frey,* No. 06-1432, 2007 WL 222778 (4th Cir. August 3, 2007), and to rule in favor of Plaintiff on her claims would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the Abbeville County Family Court. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201.

Finally, to the extent that Plaintiff seeks to assert damage claims against her own attorney and her former employer based on things that occurred or did not occur in Civil Action No. 8:99-1196-GRA-GCK, the Complaint is barred by lack of diversity jurisdiction and lack of state action on Defendants' part in connection with that case. Initially, to the extent that Plaintiff attempts to state what is, in effect, a legal malpractice claim against the attorney who represented her in the employment discrimination claim and intentional tort claims against her former employer, this Court is without jurisdiction to consider such claims. Negligence, intentional tort, and legal malpractice are causes of action under South Carolina law. *See, e.g.*, *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993); *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991). Therefore, a civil action for negligence, intentional tort, and/or legal malpractice would be cognizable in this Court only under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, as stated earlier, there is no diversity of citizenship evident in this case. Plaintiff should be aware of the state statute of limitations on such state tort actions which is, generally, three years from the

time of the alleged injury.  *Epstein v. Brown*,  363 S.C. 372, 610 S.E.2d 816 (2005); *see also* S.C. Code Ann. §§ 15-3-530; 15-3-535 (Supp. 2003).  Since Civil Action No. 8:99-1196-GRA-GCK ended in July 2001 and there does not appear to have been an appeal filed in the case, it is entirely likely that any such claims that Plaintiff might assert now  – six years after the fact – would be barred by the statute of limitations.

Additionally, legal malpractice claim against a private attorney and intentional tort claims against a former employer, even if couched as a "constitutional rights violation" claim, cannot be heard under this Court's federal question jurisdiction because neither of these persons/entities acted under color of state law in connection with their participation in Plaintiff's employment discrimination action.   It is well settled that negligence (malpractice) and /or intentional tort claims are not cognizable under federal question jurisdiction constitutional right violations claims under 42 U.S.C. § 1983.   *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Also, 42 U.S.C. § 1983 and the *Bivens* doctrine do not impose liability for violations of duties of care arising under state law.  *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).

Finally, in order to state a cause of action for constitutional rights violations under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see  *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).  Because the United States Constitution regulates only the Government, not private parties, a litigant

claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen  Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). There are no allegations in Plaintiff's Complaint which attribute the attorney or former employer's actions to state action; therefore, even if the Complaint could be liberally construed to "imply" an allegation of constitutional rights violations by these private Defendants, such implied interpretation would not establish "federal question" jurisdiction in this case.

## RECOMMENDATION

Accordingly, in absence of either diversity, federal question, or any other manner of subject matter jurisdiction over the claims made by Plaintiff, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

July 28, 2008
Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).