UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| Wanda Scott, | ) | |
| a/k/a Wanda Renae Scott Thomas, | ) | |
| | ) | |
| | ) | Civil Action No.: 8:08-0932-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| State of South Carolina; | ) | |
| Abbeville County; | ) | |
| City of Abbeville; Abbeville County | ) | |
| Sheriff's Department; | ) | |
| Abbeville County Jail; | ) | |
| Tommy Hite, private attorney; | ) | |
| Marion Johnson; Don Morris; | ) | |
| Charles Goodwin, Sheriff; | ) | |
| Trish LNU, Jailer; | ) | |
| David Beasley, former Governor; | ) | |
| Kelly Lowe, prosecutor; | ) | |
| Andrew Hodges; Frank Addy; | ) | |
| John Schrier; Robin Rucker, | ) | |
| Chief of Police; Eve Wilson, | ) | |
| Abbeville County DSS; | ) | |
| Abbeville Police Department; | ) | |
| Anna Padgent, GAL program; | ) | |
| State of Alabama, Governor's Office; | ) | |
| FNU Rucker, Family Court Judge; | ) | |
| Abbeville County Family Court; | ) | |
| South Carolina Department of | ) | |
| Judicial Administration; Eric McCoy, | ) | |
| Governor's Extradition Office; | ) | |
| John Doe, Governor's | ) | |
| Extradition Office; | ) | |
| CSX Railroad; Isolyser Co., | ) | |
| Karen Creech; and Timothy Woolston, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on July, 28 2007 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  The plaintiff brought this action on March 19, 2008, seeking damages for alleged civil rights violations.  In his July 28, 2008 Report and Recommendation, the magistrate recommended dismissing this case without prejudice and without issuance of service.  For the reasons stated herein, the Court adopts the magistrate's Report and Recommendation.

### Standard of Review

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive

further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff has offered two objections meeting this standard.

## **Objections**

a. **Jurisdiction over Constitutional claims**

The plaintiff  asserts that this Court has jurisdiction over her claims that arise under the Constitution of the United States stemming from her arrest, extradition, and alleged continued incarceration.  Under 28 U.S.C. § 1331, Congress grants federal Courts jurisdiction, "arising under the Constitution, laws, treaties of the United States." However, when Federal involvement would necessarily affect ongoing  state proceedings, federal courts do not exercise this jurisdiction. *See Younger v. Harris*,

401 U.S. 37 (1971).  Additionally, the United States Supreme Court, in *Heck v. Humphrey*, explicitly held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372-73 (1994) (footnotes omitted).

Accordingly, the plaintiff's claims relating to her alleged arrest, extradition and at-home detention cannot be brought, until the resolution of her habeas proceedings. If a writ of habeas corpus is issued, the plaintiff will be able to assert those claims which have no other procedural bars.  She is not, however, able to bring civil actions relating to her arrest, extradition and at-home detention until her underlying habeas petition is resolved.

b. **Jurisdiction over the claims against  Karen Creech**

The plaintiff additionally alleges that Karen Creech, her former attorney, provided inadequate legal representation and violated her constitutional rights. Additionally, the plaintiff alleges that Ms. Creech's actions were part of the larger conspiracy involving various government officials.  However, none of these claims are sufficient to provide a basis for federal jurisdiction.

Federal courts are of limited jurisdiction, and only have the power to hear cases authorized by the United States Constitution or statute. *Willy v. Coastal Corp*., 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist*., 475 U.S. 534, 541 (1986). The two most common basis for jurisdiction are federal question jurisdiction, under 28 U.S.C § 1331, and diversity of citizenship jurisdiction, under 28 U.S.C.§ 1332. The plaintiff's claims fail to meet either of these standards.

The plaintiff's claims against Karen Creech do not present a federal question under § 1331. The plaintiff alleges that Ms. Creech conspired to violate her constitutional rights, and committed malpractice. However, neither of these claims provide a valid jurisdictional basis. Negligence and legal malpractice are state law torts, and thus are not valid under § 1331. Additionally, § 1983, which the plaintiff appears to be asserting, is not applicable to Karen Creech.

In order to bring an action under § 1983, a plaintiff must demonstrate both that she was deprived of a federal right, and that the person depriving her of the federal right did so under the color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980). "It is firmly  established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 50-51, 108 S.Ct. 2250, 2255 (1988). Accordingly, because  Karen Creech, a private attorney, is not a state actor, she not subject to § 1983.

Additionally, the parties' lack of diversity prevents this Court from exercising

Page 5 of  8

jurisdiction under § 1332.  Under § 1332, a party may bring suit in federal court if the parties are diverse, and the amount in controversy exceeds $75,000.  It is clear that the plaintiff is alleging damages in excess of $75,000.  However, the plaintiff has not demonstrated diversity of citizenship between the parties.  Accordingly, because Ms. Creech and Ms. Scott are South Carolina residents this court may not assert jurisdiction under  § 1332.

Finally, the court does not have supplemental jurisdiction over Ms. Creech.  The plaintiff contends that the magistrate's report and recommendation failed to recognize that because the actions (and inactions) of Ms. Creech were part of a larger conspiracy involving government actors, she should be entitled to bring her action against Ms. Creech in federal court.  The Court construes this as a request for supplemental jurisdiction.

Generally, supplemental jurisdiction provides that a federal court may hear a state law claim "when a claim authorized by federal law and by Article III of the Constitution is properly in a federal court, and that claim is so related to a state claim not independently subject to federal jurisdiction that the two may be considered 'one constitutional case,'" *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 628 (4th Cir. 1997); *see also* 28 U.S.C. § 1367(a); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 ( 1966) (noting that a federal and state claim may be considered "one constitutional case" when it is "derive[d] from a common nucleus of operative fact.").   However, a federal court should refuse to exercise

jurisdiction when the district court has dismissed all federal causes of action. 28 U.S.C. § 1367(c)(3). Accordingly, even assuming that the plaintiff's federal and state law claims constitute one case, the dismissal of her federal claims precludes this court from addressing her state causes of action. Thus, the plaintiff lacks jurisdiction to bring her claims against Karen Creech.

## <u>Conclusion</u>

After a thorough review of the magistrate's Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Recommendation in its entirety.

Wherefore, it is ORDERED that the Plaintiff's case be dismissed without prejudice and without service of process.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
November 5, 2008

<u>NOTICE OF RIGHT TO APPEAL</u>

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.